IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ADT INC.,<br><br>        Defendant. | Civil Action No. 6:23-cv-0402 |

### ADT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SYMBOLOGY'S COMPLAINT

Defendant ADT Inc. ("ADT") hereby answers Plaintiff Symbology Innovations, LLC's ("Symbology") Complaint (the "Complaint") in the Western District of Texas (the "District"). ADT answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint. Allegations not expressly admitted herein are denied.

### PARTIES[1]

1. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 1, and therefore denies each of the allegations in paragraph 1 of the Complaint.

2. ADT admits it is organized under the laws of the State of Delaware. ADT admits its principal place of business and corporate headquarters is at 1501 Yamato Road, Boca Raton, Florida, USA 334314. ADT admits it may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, USA.

---

[1] The headings in the Complaint are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

## JURISDICTION AND VENUE

3. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

4. ADT admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 5 of the Complaint.

6. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 6 of the Complaint.

7. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 7 of the Complaint.

8. ADT denies venue is proper in this District under 28 U.S.C. § § 1391(b) and 1400(b) as ADT is neither incorporated in Texas nor has its principal place of business in this District. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest venue under 29 U.S.C. §§ 1391(b) and 1400(b) but denies that this is the most appropriate or convenient venue for this action. ADT denies the remaining allegations in paragraph 8 of the Complaint.

## PATENT-IN-SUIT

9. ADT lacks sufficient information regarding ownership of the patents and therefore denies that Symbology owns the U.S. Patent Nos. 7,992,773 (the "'773 Patent"), 8,424,752 (the "'752 Patent") and 8,651,369 (the "'369 Patent") (collectively the "Patents-in-

Suit"). ADT denies the remaining allegations in paragraph 9 of the Complaint.

10. ADT denies each of the allegations in paragraph 10 of the Complaint.

11. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 11, and therefore denies each of the allegations in paragraph 11 of the Complaint.

12. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 12, and therefore denies each of the allegations in paragraph 12 of the Complaint.

13. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 13, and therefore denies each of the allegations in paragraph 13 of the Complaint.

14. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 14, and therefore denies each of the allegations in paragraph 14 of the Complaint.

15. ADT admits that Exhibit A to the Complaint, purported to be a copy of the '773 patent, includes eighteen claims, including three independent claims and fifteen dependent claims. ADT denies the remaining allegations in paragraph 15 of the Complaint.

16. ADT lacks sufficient factual basis to determine the priority date of the '773 patent, and therefore denies such allegations in paragraph 16 of the Complaint. ADT denies the remaining allegations in paragraph 16 of the Complaint.

17. ADT denies the allegations in paragraph 17 of the Complaint.

18. ADT admits that Exhibit B to the Complaint, purported to be a copy of the '752 patent, includes 28 claims, including three independent claims and 25 dependent claims. ADT denies the remaining allegations in paragraph 18 of the Complaint.

19. ADT lacks sufficient factual basis to determine the priority date of the '752 patent, and therefore denies such allegations in paragraph 19 of the Complaint. ADT denies the remaining allegations in paragraph 19 of the Complaint.

20. ADT denies the allegations in paragraph 20 of the Complaint.

21. ADT admits that Exhibit C to the Complaint, purported to be a copy of the '369 patent, includes 28 claims, including three independent claims and 25 dependent claims. ADT denies the remaining allegations in paragraph 21 of the Complaint.

22. ADT lacks sufficient factual basis to determine the priority date of the '369 patent, and therefore denies such allegations in paragraph 22 of the Complaint. ADT denies the remaining allegations in paragraph 22 of the Complaint.

23. ADT denies the allegations in paragraph 23 of the Complaint.

24. To the extent that paragraph 24 contains excerpts from the Patents-in-Suit, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the Patents-in-Suit themselves.

25. To the extent that paragraph 25 contains excerpts from the Patents-in-Suit, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the Patents-in-Suit themselves. Further, ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 25, and therefore denies each of the remaining allegations in paragraph 25 of the Complaint.

26. ADT denies the allegations in paragraph 26 of the Complaint.

27. ADT denies the allegations in paragraph 27 of the Complaint.

28. ADT denies the allegations in paragraph 28 of the Complaint.

29. To the extent that paragraph 29 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and

respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 29 of the Complaint.

30. To the extent that paragraph 30 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 30 of the Complaint.

31. To the extent that paragraph 31 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof.  ADT otherwise denies the remaining allegations in paragraph 31 of the Complaint.

32. ADT denies the allegations in paragraph 32 of the Complaint.

33. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 33, and therefore denies each of the allegations in paragraph 33 of the Complaint.

34. To the extent that paragraph 34 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 34 of the Complaint.

35. To the extent that paragraph 35 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 35 of the Complaint.

36. To the extent that paragraph 36 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and

respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 36 of the Complaint. Further, ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 36, and therefore denies each of the remaining allegations in paragraph 36 of the Complaint.

37. ADT denies the allegations in paragraph 37 of the Complaint.

38. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 38, and therefore denies each of the allegations in paragraph 38 of the Complaint.

39. To the extent that paragraph 39 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 39 of the Complaint.

40. To the extent that paragraph 40 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 40 of the Complaint.

41. To the extent that paragraph 41 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 41 of the Complaint.

42. ADT denies the allegations in paragraph 42 of the Complaint.

43. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 43, and therefore denies each of the allegations in paragraph 43 of the Complaint.

4891-6339-2623

**ACCUSED INSTRUMENTALITIES**

44. ADT admits that it has provided to its customers QR codes associated with a website of ADT. ADT denies the remaining allegations in paragraph 44 of the Complaint.

**COUNT ONE**
**(Infringement of United States Patent No. 7,992,773)**

43. ADT reincorporates the preceding paragraphs of this Answer from above.[2]

44. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

45. ADT denies the allegations in paragraph 45 of the Complaint.

46. ADT denies the allegations in paragraph 46 of the Complaint.

47. ADT denies the allegations in paragraph 47 of the Complaint.

48. ADT denies the allegations in paragraph 48 of the Complaint.

49. ADT denies the allegations in paragraph 49 of the Complaint.

50. This numbered paragraph does not warrant a response from ADT. To the extent the claim chart of Exhibit D contains allegations, ADT denies all allegations.

51. ADT denies the allegations in paragraph 51 of the Complaint.

52. ADT denies the allegations in paragraph 52 of the Complaint.

53. ADT denies the allegations in paragraph 53 of the Complaint.

54. ADT admits that a purported copy of the '773 Patent, titled "System and Method for Presenting Information About an Object on a Portable Electronic Device," is attached to the Complaint as Exhibit A.

55. ADT denies the allegations in paragraph 55 of the Complaint.

---

[2] The numbered paragraph in the Complaint as well as the ones succeeding it are misnumbered. For purposes of convenience and clarity, this Answer follows a similar numbering pattern set forth in the Complaint.

56. ADT denies the allegations in paragraph 56 of the Complaint.

57. ADT denies the allegations in paragraph 57 of the Complaint.

58. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 58, and therefore denies each of the allegations in paragraph 58 of the Complaint.

59. ADT denies the allegations in paragraph 59 of the Complaint.

## COUNT TWO
### (Infringement of United States Patent No. 8,424,752)

60. ADT reincorporates the preceding paragraphs of this Answer from above.

61. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

62. ADT denies the allegations in paragraph 62 of the Complaint.

63. ADT denies the allegations in paragraph 63 of the Complaint.

64. ADT denies the allegations in paragraph 64 of the Complaint.

65. ADT denies the allegations in paragraph 65 of the Complaint.

66. ADT denies the allegations in paragraph 66 of the Complaint.

67. This numbered paragraph does not warrant a response from ADT. To the extent the claim chart of Exhibit E contains allegations, ADT denies all allegations.

68. ADT denies the allegations in paragraph 68 of the Complaint.

69. ADT denies the allegations in paragraph 69 of the Complaint.

70. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 70, and therefore denies each of the allegations in paragraph 70 of the Complaint.

71. ADT admits that a purported copy of the '752 Patent, titled "System and Method

for Presenting Information About an Object on a Portable Electronic Device," is attached to the Complaint as Exhibit B. ADT denies that a copy is attached as Exhibit E.

72. ADT denies the allegations in paragraph 72 of the Complaint.

73. ADT denies the allegations in paragraph 73 of the Complaint.

74. ADT denies the allegations in paragraph 74 of the Complaint.

75. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 75, and therefore denies each of the allegations in paragraph 75 of the Complaint.

76. ADT denies the allegations in paragraph 76 of the Complaint.

## COUNT THREE
### (Infringement of United States Patent No. 8,651,369)

77. ADT reincorporates the preceding paragraphs of this Answer from above.

78. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

79. ADT denies the allegations in paragraph 79 of the Complaint.

80. ADT denies the allegations in paragraph 80 of the Complaint.

81. ADT denies the allegations in paragraph 81 of the Complaint.

82. ADT denies the allegations in paragraph 82 of the Complaint.

83. ADT denies the allegations in paragraph 83 of the Complaint.

84. This numbered paragraph does not warrant a response from ADT. To the extent the claim chart of Exhibit E contains allegations, ADT denies all allegations.

85. ADT denies the allegations in paragraph 85 of the Complaint.

86. ADT denies the allegations in paragraph 86 of the Complaint.

87. ADT lacks sufficient factual basis to determine the accuracy of the allegations set

out in paragraph 87, and therefore denies each of the allegations in paragraph 87 of the Complaint.

88.     ADT admits that a copy of the '369 Patent, titled "System and Method for Presenting Information About an Object on a Portable Electronic Device," is attached to the Complaint as Exhibit C. ADT denies that a copy is attached to Exhibit F.

89.     ADT denies the allegations in paragraph 89 of the Complaint.

90.     ADT denies the allegations in paragraph 90 of the Complaint.

91.     ADT denies the allegations in paragraph 91 of the Complaint.

92.     ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 92, and therefore denies each of the allegations in paragraph 92 of the Complaint.

93.     ADT denies the allegations in paragraph 93 of the Complaint.

## DEMAND FOR JURY TRIAL

94.     Symbology's demand for a trial by jury is a legal statement that ADT can neither admit nor deny.[3]

## PRAYER FOR RELIEF

95.     ADT denies that Symbology is entitled to any requested relief. To the extent not expressly addressed above, ADT denies the factual allegations in the Complaint.

## DEFENSES

### First Defense (Non-Infringement)

96.     Symbology is not entitled to any relief against ADT because ADT has not

---

[3] This numbered paragraph in the Complaint lists a different entity— Rothschild Broadcast Distribution Systems. ADT answers assuming that the Complaint intended to reference Symbology since Rothschild Broadcast Distribution Systems is not a named party listed in the Complaint.

infringed and is not infringing, either directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid, enforceable claim of each of the Patents-in-Suit.

### Second Defense (Invalidity)

97. One or more of the claims of the Patents-in-Suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Defense (Statute of Limitations)

98. Symbology's claims are barred, some in part and others in toto, by the statute of limitations, which prevents recovery for "any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

### Fourth Defense (Prosecution History Estoppel)

99. Symbology's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representation disclaimers, and/or disavowals made during prosecution of the Patents-in-Suit.

### Fifth Defense (Waiver)

100. Symbology's claims are barred by equitable doctrine of waiver due to Symbology's knowledge of ADT's allegedly infringing actions, and its unjustified failure to pursue infringement claims diligently and timely from the time it became aware that it supposedly had claims against ADT.

### Sixth Defense (Failure to Mark)

101. Symbology's claim for damages is limited to the extent Symbology failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

### Seventh Defense (Failure to State a Claim)

102. Symbology's Complaint fails to state a claim for which relief can be granted, in particular a claim for infringement of the Patents-in-Suit, as required under Federal Rules of Procedure 12(b)(6).

### Eighth Defense (Exceptional Case)

103. ADT has engaged in all relevant activities in good faith, thereby precluding Symbology, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

### Ninth Defense (Equitable Defenses)

104. Symbology's claims are barred by the doctrine of unclean hands and/or other equitable defenses.

### OTHER DEFENSES

105. ADT reserves all defense under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery or other factual investigations in this case.

### JURY DEMAND

106. ADT requests a trial by jury on all issues triable by a jury.

### PRAYER FOR RELIEF

ADT requests that the Court:

A. Dismiss all counts of Symbology's Complaint for patent infringement with prejudice, and award Symbology nothing by way of its Complaint;

B. Enter a judgment finding that ADT has not infringed any claim of the Patents-in-Suit;

C. Enter a judgment that the Patents-in-Suit are invalid;

4891-6339-2623

D. Declare this case to be exceptional under 35 U.S.C. § 285, and enter judgment awarding ADT its costs, reasonable attorneys' fees, and expert witness fees in this action; and,

E. Award ADT such further relief as the Court may deem just and proper.

Dated: July 14, 2023      PILLSBURY WINTHROP SHAW PITTMAN LLP

                /s/ Michael E. Zeliger
Steven Tepera (TX Bar No. 24053510)
steven.tepera@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: 512.580.9600
Fax: 512.580.9601

Michael E. Zeliger (CA Bar No. 271118)
michael.zeliger@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Phone: 650.233.4097
Fax: 650.233.4069

Audrey Lo (CA Bar No. 253738)
audrey.lo@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Phone: 650.233.4097
Fax: 650.233.4085

*Counsel for Defendant, ADT Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2023, a copy of the foregoing document was served on all parties who have appeared in this case via the Court's CM/ECF system and as identified on the Notice of Electronic Filing (NEF).

Dated: July 14, 2023     */s/ Michael E. Zeliger*